# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON KOENIG,<br><br>        Petitioner,<br><br>  v.<br><br>JEFF WRIGLEY,<br><br>        Respondent. | CV F  06-1142 OWW SMS HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br>[Doc. #9]<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### BACKGROUND

Petitioner pled guilty in the Central District of California to two counts of mail fraud. 18 U.S.C. §§ 1341; Exhibit 1, attached to Respondent's Motion. On April 18, 2005, Petitioner was sentenced to 24 months incarceration on each count to run concurrently. Id. If Petitioner were to serve his full term, he would be released on July 16, 2007. Exhibit 2, at 3, Motion. As of September 19, 2006, Petitioner was scheduled to be released on April 13, 2007, based on the good time credits he had earned and was projected to earn in the future. Id.

On September 13, 2006, the Court issued an order directing Respondent to submit a response to the petition. (Court Doc. 5.) On October 30, 2006, Respondent filed a motion to dismiss the petition as moot. (Court Doc. 9.)

### DISCUSSION

1　　　　As Respondent submits, in 2005, the Bureau of Prisons ("BOP") adopted regulations that
2 limit the amount of time that an inmate can spend in a halfway house at the end of his sentence to
3 a lesser of 10% of the inmate's total sentence or six months, unless special statutory
4 circumstances apply.  28 C.F.R. §§ 570.20, 570.28.  Respondent submits that if this criterion
5 were applied in the instant case, Petitioner could not be released until February 10, 2007.  Exhibit
6 2, page 2.[1]  Petitioner argues that the regulation is invalid and that he is entitled to evaluation for
7 a halfway house placement without consideration of its limitations.  Petition, at 2.  Respondent
8 argues that the petition should be dismissed because Petitioner had already been given the
9 evaluation he has requested.  The Court agrees.

10　　　　In his motion, Respondent states that the BOP has evaluated Petitioner "without reference
11 to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community
12 Corrections Policies."  Motion, at 2; Exhibit 3.  As a result of this evaluation, it was
13 recommended that Petitioner spend 30-60 days in a RRC prior to his release.  Respondent has
14 provided a copy of the completed form entitled "Institutional Referral for CCC Placement."  See
15 Exhibit 3, Motion. According to the form, Petitioner was evaluated on October 17, 2006,
16 consistent with this Court's opinions in Horn v. Ellis, Case No. 1:06-CV-0006 OWW TAG HC
17 and Arcediano v. Wrigley, Case No. 06-CV-00780 AWI DLB HC, which held that the 2005 BOP
18 regulations contradict, rather than interpret, Congress's intent in enacting 18 U.S.C. §§ 3621(b)
19 and 3624(c), and directed that the Petitioners be evaluated in light of the factors set forth in 18
20 U.S.C. § 3621(b), not excluding any other factors deemed appropriate by the Bureau of Prisons
21 ("BOP"), without reference to the BOP policy promulgated in December 2002 and without
22 reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21.  Id.

23　　　　Because Petitioner has already been granted the relief he requested and recommended by
24 the Magistrate Judge, the case is now moot.  The case or controversy requirement of Article III of
25 the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor
26 Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v.

---

[1] This date is called the pre-release preparation date.

2

City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss is GRANTED;

2. All pending motions are DENIED as MOOT;

3. The Petition for Writ of Habeas Corpus is DISMISSED as MOOT; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   May 18, 2007**              /s/ Oliver W. Wanger
                                                          UNITED STATES DISTRICT JUDGE